UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHAQUILLE O. MANNERS,

                                    DECISION AND ORDER

                          Petitioner,

                                    22-CV-6328DGL

            v.

GERARD JONE,
Superintendent of Cayuga Correctional Facility,

                          Respondent.
_____

In July 2022, petitioner Shaquille O. Manners filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his October 10, 2018 convictions for criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree following a jury trial held in the New York Supreme Court, Steuben County. (Dkt. #1).

On February 1, 2023, this Court granted Manners an extension of time to file a reply in further support of his petition by March 15, 2023. (Dkt. #11). The Court did not hear from Manners until August 24, 2023, when he filed a letter explaining that his legal papers had been misplaced and asking for an additional extension of time. (Dkt. #12).

On October 13, 2023, this Court granted the request and afforded Manners the opportunity to file a reply by November 9, 2023. (Dkt. #13). On October 23, 2023, the Court's mailing was returned as undeliverable. (Dkt. #14). The Court entered a text order acknowledging as much. (Dkt. #15). The Court additionally noted that according to the New York State Department of Corrections and Community Supervision Incarcerated Lookup, Manners was released from

custody on September 7, 2023. Because this Court's Local Rules require – at risk of dismissal with prejudice – *pro se* litigants to immediately inform the Court of any change of address, the Court warned that Manners must update his address by November 9, 2023, and otherwise indicate how he wished to proceed. (*Id.*). The Court mailed a copy of the text order to Manners at his last known address – Cayuga Correctional Facility. On October 30, 2023, the text order was returned to the Court as undeliverable. (Dkt. #16).

On November 15, 2023, this Court issued an order to show cause as to why the action should not be dismissed for failure to prosecute. Manners was warned that failure to respond would result in dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). (Dkt. #17). Again, the mailing was returned undeliverable as to Manners. (Dkt. #18).

Rule 41(b) of the Federal Rules of Civil Procedure provides, in part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." *See also Anderson v. Annucci*, 2020 WL 1082393, at *2 (S.D.N.Y. Mar. 6, 2020) ("The rule authorizes dismissal *sua sponte* or on motion of the opposing party." (citing *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001))). In addition, Rule 41(b) of the Local Rules of Civil Procedure for the Western District of New York provides that if a civil case has been pending for more than six months and is not in compliance with the directions of the judge, "the Court may issue a written order to the parties to show cause within thirty (30) days why the action should not be dismissed for failure to . . . prosecute." If the parties fail to respond to the order, the court may dismiss the action for failure to prosecute.

The Second Circuit has directed district courts to consider five factors, none of which is dispositive, in deciding whether to dismiss an action for failure to prosecute: (1) whether the plaintiff's failure to prosecute caused a delay of significant duration; (2) whether the plaintiff was given notice that further delay would result in dismissal; (3) the likelihood that the defendant will be prejudiced by further delay; (4) the balance between the need to alleviate court calendar congestion and the plaintiff's right to an opportunity for a day in court; and (5) the efficacy of lesser sanctions. *United States ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

Those factors weigh in favor of dismissal here. The Court originally granted Manners an extension of time to file a reply by March 14, 2023. (Dkt. #11). He did not contact the Court to express any issue in complying with the extended deadline until six months later. (Dkt. #12). The Court has not heard from Manners for an additional three months. He has been released from custody and his interest in this case has apparently waned. Additionally, the Court has been effectively prevented from warning him that this action is subject to dismissal because of his own failure to keep the Court apprised of his address. Because the Court has been unable to locate petitioner, no lesser sanction would be effective as he would be unaware that any such sanction had been imposed. Under these circumstances, I see no reason to require the Court to continue to expend any further time or effort in this case. *See also Ikpemgbe v. New York*, 2021 WL 4198409, at *2 (S.D.N.Y. Sept. 15, 2021) ("[A] *pro se* prisoner's failure to provide the court with a new mailing address after his release from custody has regularly been held to be an adequate ground for a Rule 41(b) dismissal.").

**CONCLUSION**

For the foregoing reasons, this action is dismissed with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
December 19, 2023.